## BEN DRISKELL v. STATE.

No. A-3826. Opinion Filed Jan. 7, 1922.
(202 Pac. 1045.)

(Syllabus.)

1. Appeal and Error—Affirmance—Failure to File Brief—Sufficiency of Evidence. In a felony case where the defendant appeals from a judgment of conviction and no briefs are filed or argument presented, this court will examine the record, and if the evidence is sufficient to support the conviction, and no error is apparent, will affirm the judgment.

2. Rape—Evidence Supporting Conviction in Second Degree. In a prosecution for rape, evidence held sufficient to support the verdict and judgment of conviction for rape in the second degree.

Appeal from District Court, Coal County; J. H. Linebaugh, Judge.

Ben Driskell was convicted of rape in the second degree, and he appeals. Affirmed.

C. M. Threadgill, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

DOYLE, P. J. This appeal is from a judgment of conviction rendered upon a verdict of a jury finding the defend-

ant, Ben Driskell, guilty of rape in the second degree, and fixing his punishment at imprisonment in the penitentiary for the term of five years.

The information charges:

"That Ben Driskell, in said county and state on the date and year aforesaid, did knowingly, willfully, unlawfully and feloniously accomplish an act of sexual intercourse with one Alba Tempia, a female person of the age of fourteen years, and not the wife of him, the said Ben Driskell."

No brief has been filed and no appearance made on behalf of the plaintiff in error in this court. When the case was called for final submission, it was submitted on the record, and we have nothing before us but the petition in error and case-made.

The errors assigned are that the verdict is contrary to law and the evidence, and that the court erred in overruling the defendant's motion for a directed verdict of acquittal.

Alba Tempia, the prosecutrix, testified:

"I live at Cottonwood, with my father and brother. My mother died when I was a baby. I was 14 years old on the 12th day of February, 1919. A few days after my birthday, I was on my way to Coalgate to get some bread. The defendant came along in a car and stopped in front of McBride's and asked me if I wanted to ride. I said, 'Yes, sir,' and I got into the car. He drove into the woods towards the cemetery and stopped. Then he pulled me out of the car and had sexual intercourse with me. He took me back to where he got me, and I went on to town. He is the father of my baby that was born on the 23rd day of November."

Flamindo Tempia testified:

"I have lived in and around Coalgate 16 years. Alba Tempia is my daughter. She was born on February 12, '1905, in Coalgate. Her mother died in 1906."

Susie Bonino and Rosa Bonino both testified that they were present when Alba Tempia was born, and that her age was 14 years at the time alleged.

Jesse Phillips, sheriff of Coal county, testified:

"I arrested the defendant and had a conversation with him at the time, in which he said he had a hard case, but if he was to get a divorce from his wife and marry her he could beat it."

George Aslin testified he was present when the defendant made this statement to the sheriff.

When the state rested, the defendant moved the court to direct a verdict of acquittal, which motion was overruled.

The defendant did not take the witness stand, and did not offer any testimony.

After a careful examination of the record, we are satisfied that the defendant had a fair and impartial trial, and there can be no doubt of the sufficiency of the evidence to sustain the verdict and judgment of conviction.

The judgment of the district court of Coal county is affirmed.

MATSON and BESSEY, JJ., concur.